{¶ 20} I respectfully dissent from the majority opinion, although I recognize my proposed disposition would have the same practical effect as that reached by the majority.
 {¶ 21} I concur in the majority's analysis as it pertains to appellant's right to appointed counsel. However, I do not agree the fact appellant now has an attorney who filed this appeal renders the error (failure to appoint counsel for appeal) harmless.
 {¶ 22} Rather than affirm the trial court's judgment denying appointment of appellate counsel, I would find the issue is not ripe for this Court's review. I reach this conclusion because appellate counsel has not asserted any error in the trial court's underlying contempt finding itself.
 {¶ 23} Appellant failed to file a timely notice of appeal from the April 28, 2004 Judgment Entry finding him in contempt. As such, any attempted appeal therefrom would now be untimely. In the absence of a timely appeal from that entry, this Court has no reason to rule on appellant's sole asserted error; i.e., denial of his right to appointed counsel in the appeal sub judice. Accordingly, I find the alleged error is not yet ripe for our determination.
 {¶ 24} This raises an interesting question. Could this Court grant appellant a delayed appeal from the April 28, 2004 Judgment Entry? Delayed appeals may only be granted in criminal cases. Assuming, arguendo, we would treat the contempt finding as a criminal proceeding because of the possible imposition of a jail term and further assuming, arguendo, we would grant a delayed appeal, then appellant's assertion of his right to appointed appellate counsel would be ripe for our review. Unless and until a delayed appeal is requested and granted, I would find it premature to address appellant's assigned error in this appeal.
 {¶ 25} I would dismiss this appeal.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland County Court of Common Pleas, Juvenile Division, Ohio, is affirmed. Costs to appellant.